**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Cr. No. CR 05 71 T |
| | : | |
| v. | : | |
| | : | |
| ROBERT R. WARREN | : | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, Robert R. Warren reached the following agreement:

1. Defendant's Obligations.

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a three count Information which charges that Defendant:

(1) did knowingly and wilfully embezzle, steal and convert to his own use a quantity of oxycodone tablets with a value of under $1,000, which tablets were the property of the United States, in violation of 18 U.S.C. § 641 (Count I).

(2) did knowing and intentionally possess oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 844(a) (Count II), and

(3) did knowingly and willfully embezzle, steal, and otherwise without authority convert to his own use the property of a health care benefit program, as defined by 18 U.S.C. § 24(b), to-

wit oxycodone, which property had a value less than $100.00, in violation of 18 U.S.C. § 669 (Count III).

b. Defendant will plead guilty to all Counts of the Information, as more fully set forth in paragraphs 1(a)(1) through 1(a)(3) above. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2. <u>Government's Obligations</u>.

In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose the lowest term of imprisonment for the offense level determined by the Court under the United States Sentencing Guidelines (the "guidelines"), but not including probation or a "split-sentence" even if permitted under the guidelines, provided that Defendant does not seek a downward departure under the guidelines or advocate for a sentence below the guideline range.

b. For purposes of determining the offense level, the government agrees to recommend a 2 or 3 level reduction in the offense level for acceptance of responsibility under § 3E1.1 of the guidelines, whichever is applicable, if Defendant continues to demonstrate acceptance of responsibility through the time of sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of

guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and Defendant stipulate and agree to the following facts under the guidelines:

a. The substance subject to the Information is oxycodone, a Schedule II drug; and

b. The number of victims is not greater than ten (10); and

c. The total amount of oxycodone subject to the

Information is 1,000 mg. (32 tablets in dosages of 20 mg., 40 mg. and 80 mg.), and the government would have proven these facts beyond a reasonable doubt; and,

d. The total average wholesale price to the Department of Veterans Affairs Medical Center of the oxycodone tablets subject to the Information was $98.69, and the government would have proven this fact beyond a reasonable doubt; and

e. The United States Department of Veterans Affairs Health Benefits Plan is a "health care benefit program" as defined by 18 U.S.C. § 24(b), and the government would have proven this fact beyond a reasonable doubt.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offense(s) to which Defendant is pleading are as follows: three (3) years imprisonment; and a fine of up to $201,000; and a term of supervised release of up to one (1) year; and a mandatory special assessment of $75.00. If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are: three (3) years imprisonment; and a fine of up to $201,000.00;

and a term of supervised release of up to three (3) years. The mandatory special assessment totals $75.00.

7. Defendant agrees that, after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessment.

8. Defendant understands that he has the following rights:

a. to be represented by an attorney at every stage of the proceedings against him;

b. to persist in a plea of not guilty;

c. to be tried by a jury;

d. to have counsel assist him in that trial;

e. to confront and cross-examine the witnesses against him;

f. to call witnesses on his own behalf; and

g. to testify on his own behalf, if he wishes, but also a right against self-incrimination and that he, therefore, could not be forced to testify.

Defendant further understands that, by pleading guilty, he gives up his right to a trial and that, by answering the Court's questions, he also gives up his right not to incriminate himself.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its

consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense[s] to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

11. Except for paragraph 2, above, the parties have made no agreement concerning the application of the guidelines in this case.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the government's recommendations and is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's guideline determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

13. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if

Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

18. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

ROBERT WARREN
Defendant

Date 6-7-05

ANDREW BERG
Counsel for Defendant

Date 6/7/05

LISA DINERMAN
Assistant U.S. Attorney

Date 6/10/05

KENNETH P. MADDEN
First Assistant U.S. Attorney

Date 6-14-2005